O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| AMANDA ARMENDARIZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. L-08-94 |
| | § | |
| EAST LAREDO HOME PLACE, LTD., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Plaintiffs filed their Original Petition on July 1, 2008, in Texas state court.  (Docket No. 1, Attach. 1.) Defendants filed a Notice of Removal on July 15, 2008. (Docket No. 1).  Pending before the court is "Plaintiffs' Response to Docket Order 1," filed August 26, 2008. (Docket No. 3.)  The Court issued an order indicating that it would consider the Response as a Motion to Remand and directing the Defendants to respond.  Defendants East Laredo Home Place, Ltd. and Wayland Real Estate, Ltd. timely filed identical responses to the Motion to Remand. (Docket Nos. 5-6.)

Plaintiffs contend that Defendants' removal was improper because the Notice of Removal was filed before the Defendants were formally served with the Petition. Plaintiffs argue that "without service or an answer on

file, the defendants have not been brought under the authority of this, or any court, state or federal." (Docket No. 3, at 1.)  Plaintiffs rely on the following language from Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999): "[D]efendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." (emphasis added)

The Fifth Circuit has explicitly rejected Plaintiffs' interpretation of Murphy, holding that "service of process is not an absolute prerequisite for removal." Delgado v. Shell Oil, Inc., 231 F.3d 165,177 (5th Cir. 2000).  The Delgado court noted Murphy "did not address whether service was a prerequisite for a defendant to be able to remove a case." Id. at 177-78 n. 23.  The Delgado court continued, "We read § 1446(b) and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served. . . . [U]nder Texas law, an action has commenced when a petition is filed." Id. at 177 (citing 28

U.S.C. § 1446(b); Tex. R. Civ. P. 22).  In other words, while a defendant is not required to remove a case until formally served, a defendant is not prohibited from removing sooner.  A defendant can always voluntarily submit to the jurisdiction of a court without being formally served.

In summary, to the extent that Plaintiffs are claiming that this Court has no jurisdiction over the case or the Defendants, their Response is DENIED as being without merit.  To the extent that the Response is properly a remand motion, is was untimely filed and again DENIED. This case is returned to Magistrate Judge Diana Saldaña for further pretrial processing.

DONE at Laredo, TX, this 29th day of September, 2008.

_____
George P. Kazen
United States District Judge